An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICK WORKMAN,
Petitioner,
vs.
CATHERINE CORTEZ MASTO, IN HER
OFFICIAL CAPACITY AS ATTORNEY
GENERAL OF THE STATE OF NEVADA;
AND ROSS MILLER, IN HIS OFFICIAL
CAPACITY AS THE SECRETARY OF
STATE AND CHIEF ELECTIONS OFFICER
OF THE STATE OF NEVADA,
Respondents,
and
ARTHUR "ANDY" HAFEN, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
MAYOR OF THE CITY OF HENDERSON,
Real Party in Interest.

No. 65716

**FILED**

NOV 2 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER DENYING MOTION FOR LEAVE TO FILE
PETITION FOR WRIT OF QUO WARRANTO AND
DENYING PETITION FOR A WRIT OF MANDAMUS*

This is a motion for leave to file a petition for a writ of quo warranto, and, alternatively, an original petition for a writ of mandamus. At this court's direction, respondents and real party in interest have responded to the motion and petition. Additionally, the City of Henderson has filed an amicus curiae brief and petitioner has filed a reply.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-38960

In the motion for leave to file a petition for a writ of quo warranto, petitioner Rick Workman seeks leave to file such a petition in order to challenge the right of real party in interest Arthur "Andy" Hafen to continue to serve as the mayor of Henderson. Having considered the parties' arguments and the documents before us, we conclude that Workman lacks standing to file either a statutory quo warranto action or a constitutional petition for a writ of quo warranto, as he has not identified any interest that he has in the office of Henderson mayor or in the outcome of a quo warranto petition that is distinct from that of the general public. *See* NRS 35.040; NRS 35.050; *Lueck v. Teuton*, 125 Nev. 674, 219 P.3d 895 (2009).

Similarly, in the alternative petition for a writ of mandamus, Workman seeks an order requiring respondents Attorney General Catherine Cortez Masto and Secretary of State Ross Miller to file a quo warranto petition or otherwise take action to remove Hafen from office. Again, because Workman has not identified any beneficial interest in the outcome of the proceeding apart from any interests that he shares with the community at large, we conclude that Workman lacks standing to file a petition for a writ of mandamus in this matter. *See* NRS 34.170 (providing that a writ of mandamus shall issue "on the application of the party beneficially interested"); *Heller v. Legislature*, 120 Nev. 456, 461, 93 P.3d 746, 750 (2004) ("'To demonstrate a beneficial interest sufficient to pursue a mandamus action, a party must show a direct and substantial interest that falls within the zone of interests to be protected by the legal

duty asserted."' (quoting *Lindelli v. San Anselmo*, 4 Cal. Rptr. 3d 453, 461 (App. Ct. 2003))). Accordingly, we deny both the motion for leave to file a petition for a writ of quo warranto and the alternative petition for a writ of mandamus.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc:   Hardy Law Group
Pisanelli Bice, PLLC
Attorney General/Carson City
Henderson City Attorney